Paterson, J., dissenting.
I am unable to agree with the majority of the court in the conclusion reached in this case. The instruction given by the court below embodies substantially, in my opinion, the principle of law enunciated in the opinion. There must be an express understanding or agreement that the note, bill, or check *30 is given and accepted in payment and satisfaction of the debt; the mere taking or receiving of the check and giving of a receipt by the payee is not sufficient. The court told the jury that if the check was “accepted by a creditor, by his own voluntary act or choice, as payment in satisfaction of a debt, such acceptance would establish payment of such debt.” There can be no acceptance without a proposal. Acceptance is defined to be “ an agreeing to terms or proposals by which a bargain is concluded and the parties bound; .... and agreeing to the act or contract of another by some act which binds the person in law.....To receive describes simply the act of taking. To accept denotes the taking, .... for the purposes for which a thing is offered.” (Webster’s Dictionary, “ Accept,” “ Receive.”) I cannot see that the phrase “by his own voluntary act or choice” qualifies or restricts this clear and well-understood meaning of the word “ accepted.”
I do not think the court erred in refusing to give the instruction asked by plaintiff, and quoted in the opinion of the court. It in effect, if given, would have said to the jury that there could be no acceptance except upon the condition that the check be paid.
So far as the question of the sufficiency of the evidence to support the instructions given to the jury is concerned, it seems to me that we cannot,without invading the province of the jury, say that it is insufficient. I do not understand that it is necessary there should have been express words used by the parties agreeing that the check should be taken in absolute payment. The circumstances, the language and conduct of the parties, all taken together, may show an express understanding between the parties that the check is taken in satisfaction of the debt. This seems to be peculiarly a case in which the facts ought to be left to a determination by the jury.
Rehearing denied.